IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


BRENDA GAIL GANDY,

      Plaintiff,

v.                                                                    CASE NO. 1:04-cv-00094-MP-AK

DEPARTMENT OF REVENUE,

      Defendant.

_____/

## O R D E R

This matter is before the Court on Doc. 40, Fourth Motion for More Definite Statement Directed to Plaintiff's Fourth Amended Complaint, by Department of Revenue. Defendant maintains that because Plaintiff's Fourth Amended Complaint does not contain any numbered paragraphs within each count, it cannot "be reasonably required to frame a responsive pleading to same." *Id.* It also argues that her complaint is vague and ambiguous and confusing. *Id.*

While the Court can appreciate that Defendant would prefer that the *pro se* pleadings in this case to be of the general caliber of those drafted by a trained and licensed attorney, it has no intention of requiring Plaintiff to file yet another complaint in this case. She has done the best that she can to fulfill the Court's directions, and Defendant must now work with what it has before it. The Court has reviewed the Fourth Amended Complaint and is, quite frankly, unsure why Defendant believes it cannot frame a responsive pleading to Plaintiff's claims, either in the form of a dispositive motion or an answer which conforms with Fed. R. Civ. P. 8(b). For

example, in "Count I (libel)," Plaintiff alleges that on a specific date, five named persons faxed a workplace violence report to William McElvoy in the "home office in Tallahassee" which was "not true." Doc. 38 at 4. Defendant can either admit the truth of this allegation, deny the truth of this allegation, state that it is without knowledge or information "sufficient to form a belief as to the truth" of this allegation, or "specify so much of [the allegation] as is true and material" and "deny...the remainder." Fed. R. Civ. P. 8(b). Of course, it can also move to dismiss for failure to state a claim or for summary judgment if appropriate.

It goes without saying that Plaintiff's reference to herself as "Pet." is a misnomer, as she is not a petitioner, but Defendant surely knows to whom Plaintiff refers when she makes an allegation that the workplace violence report named "(pet.) as a 'potentially dangerous person,' stated negative allegations re: (pet), slandered pet's name in course of conspiring against pet." Doc. 38 at 4. If Defendant is not certain who "Pet." is, it merely has to qualify its response in a manner which alerts the Court to its uncertainty or its assumption that Plaintiff is referring to herself when she uses that abbreviation.

The Court would certainly agree that "Count IV–retaliation" is a bit more problematic because of its length and its rambling nature (or perhaps it just does not state an actionable claim for retaliation or whistleblowing), but it is not inappropriate in the context of *pro se* litigation for a defendant to take it upon itself to number the sentences or the paragraphs within a count or otherwise to craft some kind of identifier so that the Court and any other person reading the answer can easily locate the defendant's references to the plaintiff's pleading. If the Count is indeed so vague and ambiguous that Defendant truly cannot frame a response to it, Rule 8 makes provision for that possibility. Defendant can then explore its concerns during discovery and

amend its answer if necessary after taking Plaintiff's deposition.

*Pro se* pleadings are indeed often taxing, and, more times than not, they require of counsel a high degree of creativity and flexibility.  The Court trusts that counsel has these attributes and can craft a responsive pleading to the instant amended complaint which both serves and protects the interests of his client and properly informs both Plaintiff and this Court of Defendant's positions on Plaintiff's allegations.

Needless to say, the Court does not believe a hearing on this matter is necessary.

Accordingly, it is **ORDERED**:

That Defendant's Fourth Motion for More Definite Statement, Doc. 40, is **DENIED**;

That Defendant's motion for hearing, Doc. 41, is **DENIED**;

That, no later than **November 13, 2006**, Defendant shall file an answer or other responsive pleading to the Fourth Amended Complaint.

**DONE AND ORDERED** this *11th* day of October, 2006

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**